UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| ERIC L. JONES, | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 13-cv-2316 |
| v. | ) |
| | ) Judge John W. Darrah |
| BARTON STAFFING SOLUTIONS, INC. and | ) |
| RYDER INTEGRATED LOGISTICS, INC., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Defendants Barton Staffing Solutions, Inc. ("Barton") and Ryder Integrated Logistics, Inc. ("Ryder") move to dismiss Plaintiff Eric L. Jones's Amended Complaint, pursuant to Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim. For the reasons discussed below, the Defendants' Motions [26, 29] are granted. The Amended Complaint is dismissed without prejudice and with leave to amend within thirty days of the issuance of this Order, provided Jones can do so under Fed. R. Civ. P. 11(b).

## BACKGROUND

The following facts are drawn from the Amended Complaint and are accepted as true for purposes of the Motion to Dismiss. *See Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010). In November 2012, Jones was employed by Barton, which is a temporary staffing agency, and was assigned to work at Ryder as a forklift operator and subject to Ryder's supervision. (Am. Compl. ¶¶ 4-5.) On November 4, 2012, Jones was approached by his Ryder supervisor, who requested that Jones go to the bathroom to "shake his [coworker's] penis." (*Id.* ¶ 6.) Jones reported the conduct as "inappropriate and offensive" to another Ryder shift

supervisor, who told him to complain to Barton. On November 5, 2012, Jones filed a report with Barton concerning the incident. (*Id.* ¶ 7.)

On November 7, 2012, Jones participated in a conference call with a Barton staffing recruiter and Jeff Barton ("Mr. Barton"), the General Manager for Barton. (*Id.*) During the call, Mr. Barton and the recruiter urged Jones not to file a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") or the Illinois Department of Human Rights because it "would be a blemish on Ryder and Barton." (*Id.* ¶ 7.) They offered Jones an alternative position as a janitor that paid more than his job as a forklift operator. Jones said he would accept the janitor position but would not drop his case because he preferred the forklift position. (*Id.*)

On November 15, 2012, Mr. Barton and the recruiter called Jones and informed him that "upper management at Ryder . . . did not want him on their property and did not want [Jones] to work at Ryder." Jones was then maliciously discharged by Barton on the instructions and direction of Ryder. (*Id.* ¶ 8.) On November 20, 2012, Jones filed a sexual harassment and retaliation charge with the EEOC; on January 29, 2013, the EEOC issued him a right-to-sue letter on the grounds that the investigation could not be completed within 180 days. (*Id.* ¶ 3.) Jones's current Amended Complaint asserts one claim for retaliatory discharge in violation of Title VII.

## LEGAL STANDARD

Federal Rule of Civil Procedure 8(a) requires that the plaintiff provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-

harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).

Under the Federal Rules, the defendant can assert a defense that the plaintiff failed "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss under Rule 12(b)(6), a plaintiff must plead sufficient factual matter to state a claim for relief that is "plausible on its face." *Iqbal*, 556 U.S. at 578 (quoting *Twombly*, 550 U.S. at 570). To meet the plausibility standard, the plaintiff must put forth enough "facts to raise a reasonable expectation that discovery will reveal evidence" supporting the plaintiff's allegations. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 556). A 12(b)(6) motion does not evaluate "whether a plaintiff will ultimately prevail" but instead whether the plaintiff is entitled to present evidence in support of the claims. *AnchorBank, FSB v. Hofer*, 649 F.3d 610, 614 (7th Cir. 2011) (internal quotation and citation omitted).

## ANALYSIS

Title VII prohibits employer retaliation against an employee who opposes unlawful employment discrimination. 42 U.S.C. § 2000e-3. Thus, to state a claim for retaliatory discharge in violation of Title VII, a plaintiff must allege that: (1) he engaged in protected activity under Title VII; (2) that his employer took adverse employment action against him; and (3) a causal connection exists between the protected activity and the adverse employment action. *See Harper v. C.R. England, Inc.*, 687 F.3d 297, 307 (7th Cir. 2012); *see also Vega v. Chicago Park Dist.*, No. 13-CV-45, --- F.Supp.2d ----, 2013 WL 3866514, at *8 (N.D. Ill. July 25, 2013).

In his Amended Complaint, Jones asserts that he was discharged in retaliation for reporting sexually offensive conduct in the workplace, in violation of Title VII, 42 U.S.C.

§ 2000e-3. Barton moves to dismiss the Amended Complaint on the basis that Jones has not alleged that Barton took an adverse action against him. Ryder moves to dismiss on the basis that Jones has not alleged any facts that he engaged in activity protected by Title VII.

*Barton's Motion to Dismiss*

"A materially adverse employment action is something 'more disruptive than a mere inconvenience or an alteration of job responsibilities.'" *Rhodes v. Illinois Dept. of Trans.*, 359 F.3d 498, 504 (7th Cir. 2004) (quoting *Crady v. Liberty Nat'l Bank & Trust Co. of Ind.*, 993 F.2d 132, 136 (7th Cir. 1993)); *see also O'Neal v. City of Chicago*, 392 F.3d 909, 911 (7th Cir. 2004) ("While adverse employment actions extend beyond readily quantifiable losses, not everything that makes an employee unhappy is an actionable adverse action."). Reading the allegations in the light most favorable to him, Jones has failed to allege that Barton took an adverse employment action against him. According to the Amended Complaint, Ryder instructed Barton to terminate Jones, and Barton complied with Ryder's instructions. (Am. Compl. ¶ 8.) Jones has not alleged that Barton caused Ryder to terminate Jones or that Barton otherwise contributed to Jones's firing.

Furthermore, Jones does not allege that Barton barred him from future employment in retaliation for engaging in protected activity. Although Jones argues in his Response Brief that Barton "discharged [him] from further employment opportunities" because of his complaints about sexually offensive conduct (*see* Resp. Br. at 7-8), the Amended Complaint's allegations tellingly do not support such an inference. Jones has failed to state a claim against Barton, and for this reason, Barton's Motion to Dismiss is granted.

*Ryder's Motion to Dismiss*

Ryder argues that Jones's claim against it must be dismissed because he has failed to allege he engaged in an activity protected by Title VII. Title VII prohibits retaliation for two types of activity, opposing race and sex discrimination in the workplace or participating in an investigation of such discrimination:

> It shall be an unlawful employment practice for an employer to discriminate against any of his employees ... because [the employee] has *opposed* any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted, or *participated* in any manner in an investigation, proceeding, or hearing under this subchapter.

42 U.S.C. § 2000e–3(a) (emphasis added). The first type of activity is known as the "opposition" clause, and the second is known as the "participation" clause. *See Mattson v. Caterpillar, Inc.*, 359 F.3d 885, 891 (7th Cir. 2004). Title VII retaliation claims under either clause require that the employee have a good faith and reasonable belief in his claim; "[t]hat is, the claims must not be utterly baseless." *Id.*; *see also Hatmaker v. Memorial Med. Ctr.*, 619 F.3d 741, 745 (7th Cir. 2010).

Under Seventh Circuit law, the participation clause does not apply to a purely internal investigation by an employer; rather, the clause applies to investigations and proceedings under the statute, such as an official investigation by the EEOC. *Hatmaker*, 619 F.3d at 747. Jones's allegations relate only to the internal complaint he filed with Barton, and consequently, he has not stated a claim for retaliation under the participation clause.

With respect to the opposition clause, a plaintiff must have a reasonable and good faith belief that he was opposing discrimination that is unlawful under Title VII. *Id.*; *see also O'Leary v. Accretive Health, Inc.*, 657 F.3d 625 (7th Cir. 2011). If a plaintiff does not believe he is opposing unlawful discrimination or if his belief is "objectively unreasonable," his opposition is

5

not actionable under Title VIII.  *O'Leary*, 657 F.3d at 631; *see also Hilt–Dyson v. City of Chicago*, 282 F.3d 456, 466 (7th Cir. 2002) ("harassing conduct must be actionable harassment - severe or pervasive - before it will be considered an adverse employment action."); *Adusumilli v. City of Chicago*, 164 F.3d 353, 362 (7th Cir. 1998) (holding that no reasonable person could believe that a poke to the buttocks constitutes sexual harassment because such conduct is too "tepid or intermittent or equivocal"); *Baskerville v. Culligan Int'l Co.*, 50 F.3d 428, 430 (7th Cir. 1995) ("[T]he occasional vulgar banter, tinged with sexual innuendo of coarse or boorish workers" generally does not create a work environment that a reasonable person would find intolerable."); *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) (stating that "simple teasing, offhand comments, and isolated incidents (unless extremely serious)" will not amount to discrimination in workplace).

In the Amended Complaint, Jones identifies one comment by his supervisor, which he alleges was "unlawful, inappropriate, and offensive."  (Am. Compl. ¶ 6.)  He contends that he has stated a claim under Title VII for purposes of 12(b)(6) and argues that he should be able to proceed to discovery on his claim.  Ryder contends that Jones's complaint about a single comment is not enough to state a claim as a matter of law.

Ryder's argument is persuasive.  Jones has not sufficiently alleged sexual discrimination or harassment that would be actionable under Title VII.  Notably, Jones is no longer pursuing his claim for sexual harassment and instead is solely pursuing his retaliation claim.  He has not alleged that he reasonably felt that he was being discriminated against or harassed on the basis of his sex and that he was opposing that sexual discrimination.  His allegations about one isolated, teasing comment does not rise to the level of actionable sexual harassment or provide the basis for opposing sexual discrimination in violation of Title VII.  *See Baskerville*, 50 F.3d at 430.

Even construing the inferences in his favor, Jones has not sufficiently alleged that he reasonably or objectively believed that he was opposing sexual harassment or discrimination, the kind of which is prohibited by Title VII.

Because he has not pleaded sufficient factual content to state a claim that is "plausible on its face," Jones has failed to state a claim for retaliation against Ryder. *Iqbal*, 556 U.S. at 578. Ryder's Motion to Dismiss is granted, and the Amended Complaint is dismissed.

## CONCLUSION

For the reasons set forth above, Jones has failed to state a claim for retaliatory discharge under Title VII. Defendants' Motions [26, 29] are granted, and the Amended Complaint is dismissed without prejudice and with leave to amend within thirty days of the issuance of this Memorandum Opinion and Order, provided Jones can do so under Fed. R. Civ. P. 11(b).

Date:   October  16, 2013                                    _____
                                                              JOHN W. DARRAH
                                                              United States District Court Judge